[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-16725
Non-Argument Calendar
_____

D. C. Docket No. 05-01619-CV-CC-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2006
THOMAS K. KAHN
CLERK

DANIEL JAMES DONOVAN, JR.,

Plaintiff-Appellee,

versus

HOBBS GROUP, LLC,
HILB, ROGAL AND HOBBS COMPANY,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(May 16, 2006)**

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

Plaintiff Daniel James Donovan, Jr. sued his former employer Hobbs Group

LLC ("Hobbs") and Hobbs's parent corporation Hilb, Rogal and Hobbs Company

(HRH) seeking a declaration that the nonsolicitation and nondisclosure clauses ("the restrictive covenants") in an Employment, Non-Solicitation and Confidentiality Agreement that he signed in 1997 with Hobbs ("the Agreement") are unenforceable as a matter of law and an seeking an injunction prohibiting Hobbs and HRH from attempting to enforce the restrictive covenants. The district court held that the Agreement was subject to strict scrutiny, found that the restrictive covenants contained therein are unenforceable as a matter of law, and granted summary judgment for Donovan.

Hobbs and HRD urge us to vacate the district court's judgment for Donovan and reverse its denial of their request for discovery so that they may gather facts that might support their contentions that "sale of business" scrutiny applies and, therefore, the terms of the employment agreement may be blue penciled or reformed so as to be enforceable.

In a previous case involving the same defendants and the same form agreement, we applied strict scrutiny and determined that the restrictive covenants are overbroad and unenforceable under Georgia law. *See MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1241 (11th Cir. 2005). In this case, we affirm the judgment of the district court because we hold that, under any level of scrutiny, the restrictive covenants in the employment agreement are unenforceable. In its order granting summary

judgment, the district court identified their fatal deficiencies. (R.2-29 at 20-26.) And assuming, arguendo, that "sale of business" scrutiny applies, the blue pencil cannot redeem these unreasonably restrictive clauses. The blue pencil is simply a tool of severance – removing the unenforceable aspects of restrictions and leaving the enforceable ones. *Watson v. Waffle House, Inc.*, 324 S.E.2d 175, 177 (Ga. 1985); *Richard P. Rita Personnel Services Intern., Inc. v. Kot*, 191 S.E.2d 79, 80 (Ga. 1972); *New Atlanta Ear, Nose & Throat Associates, P.C. v. Pratt*, 560 S.E.2d 268, 273 (Ga. App. 2002). It cannot rewrite the restrictive covenants, inserting clauses and providing sufficient limitations so as to render the restrictions reasonable and enforceable under Georgia law. *New Atlanta*, 560 S.E.2d at 273. For this reason, the district court did not err in denying the motion for discovery or in granting summary judgment for Donovan.

The Defendants also argue that the district court erred in determining that Georgia law governs the interpretation of the Agreement. We find no error in the application of Georgia law.

**AFFIRMED.**

3